FI
JAN - 9 2001
KAY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**KEITH A. BENNETT,**
**GARTH C. ESTERIDGE,**
**JAMES T. ETTER, JR.,**
**CLOYD D. JEFFERIES,**
**and ALVIN D. MARCHANT,**

**PLAINTIFFS,**

**v.** **CASE NO. ________________**

**UNITED TRANSPORTATION UNION,**
**a Labor Organization;**
**CHARLES L. LITTLE, President of**
**United Transportation Union,**
**and NORFOLK & WESTERN RAILWAY COMPANY,**
**a Virginia Corporation doing business in West Virginia,**

**DEFENDANTS.**

---

## COMPLAINT

### *Introduction*

1. This is an class action by a distinct and discrete class of Union members against their Union and their employer for declaratory and injunctive relief, permitting them to pursue their rights and remedies as protected by the Railway Labor Act, 45 U.S.C. § 151 et seq., and for costs and attorney fees and, alternatively, for damages. In particular, the Plaintiffs and the class for whom they seek certification allege that it has members with contractual standing with their employer in being entitled to the benefits of proceeds from a special fund known as "Productivity Fund No. 41," that their Union has violated their rights as protected by the free speech and free assembly provisions of the Labor/Management

STEPHEN D. PAESANI
ATTORNEY AT LAW
1407 East Main Street
Princeton, WV 24740

Reporting and Disclosure Act ("LRMDA"), 29 U.S.C. § 411(a)(2), their Union's duty of fair representation, and the employer's knowledge thereof and complicity therewith, in a manner which, in part, violated duties implied by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq., and that all the Defendant herein violated and conspired to violate the Plaintiffs' rights of due process as provided by the RLA.

2. Plaintiffs seek declaratory judgment of this Court of the timeliness and lawfulness of their rights, as protected by the RLA, to declare that their Union has unlawfully, wrongfully, and in bad faith impeded the exercise of those rights with the knowledge and complicity of the Plaintiffs' employer, and to permanently restrain and enjoin said Union from impeding the exercise of the Plaintiffs' rights as protected by the RLA, and to assume jurisdiction of this case during the pendency of the exercise by the Plaintiffs of their rights as protected by the RLA or, alternatively, to adjudicate those rights herein this action.

***Jurisdiction***

3. Plaintiff invoke this Court's jurisdiction pursuant to 29 U.S.C. § 412, 28 U.S.C. § 1331, 45 U.S.C. § 156, 29 U.S.C. § 185. Plaintiffs also invoke this Court's pendent jurisdiction over any state law claims which arise from a common nucleus of operative facts.

4. A substantial portion of the actions complained of herein and the harm which will be suffered by the Plaintiffs if the Defendants are not enjoined as requested herein, occurred and continue to occur in southern West Virginia, within this Court's venue.

STEPHEN D. PAESANI
ATTORNEY AT LAW
1407 East Main Street
Princeton, WV 24740

***Parties***

5. The class and its named representatives are, and at all times relevant herein have been, "members" of the United Transportation Union (hereinafter "UTU"), as that term is defined at 29 U.S.C. § 402(o) and employees of the Norfolk and Western Railway Company (hereinafter "N&W").

6. The named Plaintiffs herein and all the members of the class on whose behalf they seek standing to pursue claims all are citizens and residents of either southern West Virginia, southwestern Virginia, or eastern Kentucky, and are all members of United Transportation Union Local 655. The members of the class number twenty-eight in total. (According to the information and belief of the named Plaintiffs, one of the members of this class has died since the inception of the class. The inclusion of the estate of that deceased member in the class is accordingly requested.) The class was created in 1995, through creation of a fund, the benefit of which applied only to the members of this distinct and discrete class.

7. The named Plaintiffs herein are responsible persons, competent to represent adequately and stand in pursuit of the claims for that class of persons which currently or formerly are or have been entitled to the benefits of Productivity Fund No. 41.

8. The class of persons on whose behalf the named Plaintiffs assert standing to represent are so numerous as to make in impractical to bring them all before the Court, and that the prosecution of separate actions by the individual members of this class would create a risk of; either inconsistent or varying adjudications with respect to these individual class members, which would establish incompatible standards of conduct for the party opposing

STEPHEN D. PAESANI
ATTORNEY AT LAW
1407 East Main Street
Princeton, WV 24740

the class; or adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests. Moreover, the legal complexities involved in these claims make cost prohibitive the bringing of this action on an individual basis, and the inclusion of all adversely affected person within one action is the most efficient means of promoting judicial economy relative to these claims.

9. Common questions of law and fact affect all the persons who together compromise this class as they relate to the several claims in which relief is sought on behalf of this class.

10. The individual members of the class are known both in number and in identity by all the parties to this action, and ascertaining their specific rights of entitlement for the causes of action pled herein is easily ascertainable by the parties.

***Named Defendants***

11. Defendant UTU is a national labor organization as that term is defined by §§ 3(i) and (j) of the LMRDA, 29 U.S.C. §§ 402(i) and (j), and is the certified and recognized collective bargaining representative of a substantial portion of the transportation workers employed by Defendant N&W, including all the Plaintiffs herein.

12. Defendant Charles L. Little is and, at all or most of relevant times herein, has been the International President of the UTU, with limited authority derived from the UTU Constitution, and with general responsibility for all the agents and officers of the Defendant UTU. He is sued in his official capacity only.

STEPHEN D. PAESANI
ATTORNEY AT LAW
1407 East Main Street
Princeton, WV 24740

13. Defendant N&W is an employer involved in interstate transportation by railway, which conducts substantial business operations in southern West Virginia, within this Court's venue.

***Facts Relevant to All Causes of Action***

14. In or about October and November, 1991, N&W and UTU, as parties to a national collective bargaining agreement, entered into certain modifications to their agreements. Ultimately, these modifications were ratified by the affected members of the UTU. Among the modifications included an agreement to terminate an agreement called "Productivity Fund No. 11," an action which was ratified by those members enjoying rights to receive proceeds from Productivity Fund No. 11.

15. In voting to approve the termination of Productivity Fund No. 11, the members with rights to that fund were provided misinformation by the UTU, upon which they relied to believe that they would be eligible to certain lump sum payments, contemporaneous with the termination of this fund. Subsequent to the ratification of Fund No. 11, N&W took the position that certain of the members who voted in favor of termination of Fund No. 11 were not entitled to receive that lump sum, as it contended that they failed to meet all the contractually agreed to eligibility requirements.

16. The adversely affected members of Fund No. 11 brought their dispute to their UTU General Chairman for proper adjudication. However, in an action of bad faith, and in derogation of his duties of fair representation of his members, the responsible General Chairman failed to perfect and pursue the rights of his adversely affected members to

STEPHEN D. PAESANI
ATTORNEY AT LAW
1407 East Main Street
Princeton, WV 24740

adjudicate their dispute to a Public Law Board, as provided by the RLA, in spite of having a duty to do so. A motivating, if not precipitating, factor in the failure of this General Chairman to advance and pursue the rights of his Union members within his General Committee for the adverse action taken by N&W toward these employees who thought they were entitled to a lump sum payment through the termination of Productivity Fund No. 11, was the desire to procure and retain personal receipt of a lump sum payment; a payment which may have been placed in jeopardy had the rights of these disgruntled members been properly pursued, pursuant to the terms and conditions of the RLA. This failure by the General Chairman obligated to pursue the rights of his members pursuant to the RLA was prejudicial to these members, and their dispute is now time barred as a result of the bad faith breach of duty of fair representation of the General Chairman.

17. Certain of the members of the disgruntled employees who voted in favor of termination of Fund No. 11, but were denied the lump sum payment they thought they would receive, continued to receive periodic disbursements from Productivity Fund No. 12, the eligible members of which voted against termination of their Fund in November of 1991. Certain of these disgruntled former recipients of Fund No. 11 continued to receive payment from Fund No. 12, up to and including 1995, when Fund No. 12 was terminated by a vote of the members eligible to receive payments therefrom. The 1995 termination of Fund No. 12 provided that the members formerly entitled to receive periodic payments of the right to instead receive a lump sum payment or to continue to receive payments through a reduced "rump" fund, thereinafter known as "Productivity Fund No. 41."

STEPHEN D. PAESANI
ATTORNEY AT LAW
1407 East Main Street
Princeton, WV 24740

18. Of all the UTU members formerly entitled to receive benefits pursuant to Fund No. 12, twenty-eight elected to continue to receive periodic disbursements from the newly-created Fund No. 41. However, in arriving at the amount of benefits the twenty-eight Fund No. 41 members would be entitled to receive, UTU and N&W improperly diluted the entitlement by crediting lump sum payments made through terminated Fund No. 12 to certain UTU members formerly entitled to receive payments from Fund No. 11 who were deprived of lump sum payments in 1991 through misrepresentation and misinformation supplied by their Union and its officers.

19. After discovery of the improper dilution of the periodic payments entitled to be received by UTU members eligible to receive periodic payments from Productivity Fund No. 41, attempts were made by certain of those members to dispute the improper dilution of their periodic payments through exercise of their rights and liberties, as protected by the RLA, and through the formal procedure of a Public Law Board.

20. In spite of the proper exercise of their rights and liberties as protected by the RLA as hereinabove stated, Defendants UTU and Little have repeatedly, consistently, unlawfully, wrongfully, deliberately and in bad faith, prevented and obstructed the members entitled to receive payments from Productivity Fund No. 41 from pursuing their rights to dispute the improper dilution of their receipt of fund proceeds.

21. The conduct of Defendants UTU and Little as hereinabove stated has been done with the concurrence, complicity, knowledge, approval and understanding of Defendant N&W, and all three Defendants have worked jointly and continuously in pursuit of the illegal deprivation of rights by members of the class of persons entitled to receive benefits from

STEPHEN D. PAESANI
ATTORNEY AT LAW
1407 East Main Street
Princeton, WV 24740

Productivity Fund No. 41.

22. The members of the Plaintiffs' class have pursued internal Union appeals for the complained of conduct of the UTU and its officers. Any further appeals in this regard would be both futile and unnecessary to meet the Plaintiffs' burden of pursuing internal Union remedies prior to seeking redress in Court.

23. As the Plaintiffs' efforts to resolve this dispute have failed, the Plaintiffs have no recourse but to file this Complaint to avoid further irreparable injury.

***Causes of Action***

24. Plaintiffs incorporate by reference into Causes of Action I - IV hereinbelow, each and every allegation contained in ¶¶ 1 - 23 of the Complaint as stated hereinabove.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST UTU AND LITTLE IN THEIR OFFICIAL CAPACITY**

25. By its hereinabove stated arbitrary, discriminatory and bad faith actions, Defendants UTU and Little breached their duty to fairly represent the Plaintiffs.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST N & W IN ITS OFFICIAL CAPACITY**

26. Defendant N&W knew of and participated in UTU's breach of its duty of fair representation, and benefitted from the improper deprivation of rights of the Plaintiffs as protected by the RLA with the intention of taking advantage of that improper deprivation to the detriment of the Plaintiffs.

STEPHEN D. PAESANI
ATTORNEY AT LAW
1407 East Main Street
Princeton, WV 24740

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST UTU, LITTLE AND N &W**

27. By its said actions, N&W has joined in and is jointly liable for the UTU and Little's breach of their duty of fair representation who, by their coordinated conduct, have intentionally and conspiratorially deprived the Plaintiffs of their right of due process as protected by the RLA.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST UTU AND LITTLE IN THEIR OFFICIAL CAPACITY**

28. By their hereinabove stated conduct, Defendants UTU and Little violated the Plaintiffs' rights and infringed upon their freedom of speech and assembly as protected by § 101(a)(2) of the LMRDA, 29 U.S.C. § 411(a)(2).

***Prayer for Relief***

WHEREFORE, Plaintiffs pray that this Honorable Court:

(A) Enter declaratory judgment for the Plaintiffs and against the Defendants, holding that the failure of Defendants UTU and Little to advance the rights and liberties of the Plaintiffs pursuant to the Railway Labor Act with respect to Fund No. 41 entitlements constitutes a breach of duty and fair representations, and declare further as follows:

(1) That a dispute between the members of the Plaintiffs' class and N&W exists.

(2) That the dispute between the parties is timely and justistable, pursuant to the Railway Labor Act, through the mechanism of a Public Law Board.

STEPHEN D. PAESANI
ATTORNEY AT LAW
1407 East Main Street
Princeton, WV 24740

(B) Enjoin the UTU and Little from engaging in any further action or refusing to take any action in derogation by the Plaintiffs of pursuit of their rights to adjudicate the dispute concerning Fund No. 41 with Defendant N&W through the means of a Public Law Board, pursuant to the Railway Labor Act.

(C) Enter an Order requiring Defendant N&W to recognize the validity of the Plaintiffs' rights with respect to pursuit of their dispute through a Public Law Board, pursuant to the Railway Labor Act, and order them further to engage in good faith resolution of those rights through said Public Law Board.

(D) To maintain jurisdiction of this case through its pendency in the Public Law Board and any and all administrative appeals provided or allowed by the Railway Labor Act, or, alternatively, to adjudicate the disputes of the parties within this action, and award appropriate damages to the Plaintiffs from Defendant N&W.

(E) Enter judgment against all the Defendants, awarding the Plaintiffs their reasonable attorney fees and costs of the action herein.

(F) Award whatever further relief is deemed just and equitable.

A JURY TRIAL IS DEMANDED ON ALL COUNTS HEREIN.

KEITH A. BENNETT, ET AL.,
By Counsel

STEPHEN D. PAESANI
Counsel for the Plaintiffs
1407 East Main Street
Princeton, WV 24740
Phone: (304) 425-3742
Fax: (304) 425-2235
W. Va. Bar #5866

STEPHEN D PAESANI
ATTORNEY AT LAW
1407 East Main Street
Princeton, WV 24740